Wheeler, J.
This is a motion on the part of the defendants above named to dismiss actions founded *562 on indictments against them returned in the County Court for Erie county, and by order of that court transferred to this court for trial. The indictments are for alleged misdemeanors.
The defendants ’ claim is that the County Court was not regularly and legally convened, and the grand jury had no power or authority to find any indictments whatever.
This contention is based on the claim that the term of the County Court convened for January, 1920, was held without any order being made or filed by the county judge or court as required by section 45 of the Code of Criminal Procedure, and sections 190,191 and 192 of the Judiciary Law; and if such order was made it was not published as required by section 45 of the Code of Criminal Procedure.
The People admit that no order for a January term of the court was made and filed, but contend that the term of the County Court appointed for 1919 was never adjourned, but was in constant session, and continued in session during the month of January, 1920. And that on December 5,1919, the acting county judge, by an order made and filed, directed jurors drawn for that term, and notice of such drawing was duly published by the commissioners of jurors for such term.
The People contend that by virtue of section 190, subdivision 3, of the Judiciary Law, each term of the County Court may continue as long as the county judge deems necessary, and that there having been no adjournment of the terms of 1919 therefore no new appointments for terms of the court for 1920 became necessary, and the county judge had the right to summon a grand jury for January, 1920, to consider such business as might come before it. We do not think the contention good.
Section 190 of the Judiciary Law provides that the *563 county judge must from time to time appoint terms and places for holding terms of his court, and declares that there shall he at least two terms for the trial of issues of law or of fact in each year.
Section 192 provides such appointments must be filed with the county clerk and published once a week for three weeks before the terms in a newspaper published in the city of Albany, and also in a paper in the county.
Section 226 of the Code of Criminal Procedure provides for the summoning of a grand jury. People v. Rugg, 98 N. Y. 537.
Considering all these different provisions of the Judiciary Law, and of the Code of Criminal Procedure, it seems to this court that the legislature has in substance provided that at least two terms of a County Court must be designated and fixed each year by the county judge, at which grand juries are to attend, and that it is not left for the county judge to extend a term of a prior year into a succeeding year, at least so as to summon a new and additional grand jury for such a continued term.
If such a practice were to be recognized as legal, then under the guise of a term without adjournment, and a continuous session, the court might summon and impanel any number of successive grand juries. This clearly was never in contemplation of the legislature.
We are of the opinion that where a grand jury for a given term has been summoned, impaneled and discharged, the power of the court to summon a second grand jury for such term is not given. Consequently we reach the conclusion that the grand jury impaneled in January, 1920, and which reported the indictments now under consideration, was not legally impaneled. The law requires an appointment of a term by the county judge and proper publication, which was not had in these cases, and for these reasons the motion *564 to dismiss said indictments must be granted. People v. Nugent, 57 App. Div. 542, and cases there cited. But the actions or prosecutions are not dismissed.
The defendants contend that by virtue of the provisions of section 673 of the Code of Criminal Procedure the dismissal is a bar to a further prosecution. This section reads: ‘ ‘ An order for the dismissal of the action, as provided in this chapter, is a bar to another prosecution for the same offense, if it be a misdemeanor ; but it is not a bar, if the offense charged be a felony.”
It will be noted that the language used relates to “ the dismissal of the action.”
A criminal action or prosecution should be distinguished from an indictment. The indictment is simply the formal presentation in writing by the grand jury of the charge preferred. It is not, properly speaking, a criminal action, any more than a complaint in a civil action can be said to be the action. It is simply a step or legal document in the case.
Again, section 673 simply relates to dismissals of actions “ as provided in this chapter,” and limits the effect of such dismissals to such cases alone.
The dismissal made in these cases now under consideration is by virtue of the inherent power of the court, and not by virtue of any of the sections comprising the chapter in question, none of which apply. The motions to dismiss are made by the defendants, and not by the court, or on motion of the district attorney. When the defendants here move to dismiss they appeal to the inherent power of the court. People v. Glen, 173 N. Y. 400; People v. Sexton, 187 id. 495.
I have examined the cases and cannot discover how the dismissal of the indictments on the ground that the grand jury returning them has no legal status bars a resubmission of the cases to a new grand jury, *565 and I think such an order should be made in these cases.
The defendants may enter orders dismissing the indictments against the defendants above named on the ground that the grand jury returning same had no legal status to act as such, but the order to dismiss the actions as such against the defendants is denied.
The district attorney is directed to resubmit the cases against said defendants to a new grand jury legally impaneled.
Ordered accordingly.